UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIRECT INNOVATIONS, L.L.C. and AMBERLY ALLEN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION H-14-3211 |
| ERIC WEISGARBER, WEISGARBER INVESTMENTS, INC., CSABA MATHE and DAVID POMERANZ, | § § § § § | |
| Defendants. | § § | |

**ORDER**

Pending before the court is a motion to abstain filed by defendants Eric Weisgarber, Weisgarber Investments, Inc., Mathe Investments, and Csaba Mathe (collectively, "Defendants"). Dkt. 7. After considering the motion, response, reply, and supplemental briefing filed by plaintiffs Direct Innovations, L.L.C. ("DI") and Amberly Allen indicating that the alleged parallel state court proceedings in Oklahoma have been removed to federal court, the court finds that the motion to abstain should be DENIED but that the court should *sua sponte* STAY this lawsuit until certain issues in the Oklahoma proceedings have been decided.

**I. BACKGROUND**

This case involves allegations of breach of contract, negligent misrepresentation, negligent hiring, statutory theft, vicarious liability theft, fraud, and breach of fiduciary duty, all stemming from a business relationship initiated by plaintiff Amberly Allen after she read about Weisgarber on LinkedIn. Dkt. 1. Allen is the president and sole shareholder of DI, which is a direct mail company that provides turnkey direct marketing products to car dealers and advertisement agencies. *Id.* Allen sought to enhance DI's efficiency and productivity. *Id.* Allen contends that after she contacted Wesigarber via LinkedIn, they entered into an agreement for a "paperless job jacket" system that

Weisgarber stated had tripled his business in a two-year period. *Id.* She later entered into another agreement with Weisgarber Investments whereby Weisgarber allegedly agreed to operate as general manager of Allen's company, DI, for twelve weeks, and defendant David Pomeranz, at Weisgarber's suggestion, would be Chief Financial Officer. *Id.* Allen contends that Weisgarber and Pomeranz thereafter took control of DI's accounting and management operations. *Id.* Allen also entered into an agreement with defendant Mathe Investments, allegedly at the insistence of Weisgarber, for provision of accounting services. *Id.* The day-to-day accounting was handled by Pomeranz and defendant Mathe, who owned Mathe Investments. *Id.*

Allen alleges that starting in January 2013, Pomeranz began transferring large sums from DI's accounts via unauthorized wire transfers and neither Weisgarber nor Mathe brought this to Allen's attention. *Id.* Then, in February 2013, Mathe Investments allegedly began taking out money it claimed as its "share" of retained earnings on a regular basis. *Id.* By June 2013, Pomeranz allegedly stopped reconciling DI's books and ceased paying DI's vendors. *Id.* In September 2013, Allen advised Mathe that DI was terminating its agreement with Mathe Investments. Weisgarber then allegedly told Allen he was terminating his agreement with DI because DI was "a sinking ship." *Id.* Allen alleges that Weisgarber and Pomeranz negotiated "exit options" for the next eight weeks, and that Pomeranz continued to make unauthorized wire transfers out of DI's accounts during this time. *Id.* In the meantime, Pomeranz had also allegedly set up a fraudulent scheme relating to the sale of DI to Pinebrook Partners. *Id.*

Allen alleges that Pomeranz made DI aware that he had stolen money from DI in February 2014. *Id.* Allen states that DI was forced to terminate all of its employees except for two and move out of its office in Houston, Texas, due to non-payment of rent. *Id.* DI's vendors began contacting DI about monies owed, and Allen's personal credit score allegedly dropped 200 points. *Id.* Allen contends that Pomeranz, Weisgarber, Weisgarber Investments, Mathe Investments, and Mathe knew

2

or should have known about the unauthorized money transfers, that Weisgarber and Weisgarber Investments knew or should have known that Pomeranz had been arrested twice and convicted of felony theft and charged with theft and embezzlement, and that Weisgarber should not have recommended Pomeranz be appointed Chief Financial Officer.  *Id.*

In March 2014, Weisgarber Investments and Mathe Investments filed a petition in Oklahoma state court (the "Oklahoma Lawsuit") against DI, Allen, Pomeranz, and Praxis Consulting, LLC, seeking payment for services rendered and a declaratory judgment that neither Weisgarber nor Mathe owed Allen or DI a fiduciary duty or were liable for the alleged theft of DI's money by Pomeranz.[1] Dkt. 7, Ex. A.  Mathe Investments also requests an accounting of DI and alleges a breach of contract with regard to money owed.  *Id.*  Defendants attempted to serve DI and Allen with the Oklahoma petition in Houston in April 2014, but the business had closed, and Allen had moved.  Dkt. 7; Dkt. 9, Exs. 1, 2.

Allen and DI filed this lawsuit in federal court in Houston on November 7, 2014.  Dkt. 1.  Defendants filed an amended petition in the Oklahoma Lawsuit on January 13, 2015.  Dkt. 7.  Allen and DI were served with the amended petition in the Oklahoma Lawsuit on January 21, 2015.  Dkt. 9, Exs. 3, 5.  Allen and DI contend, however, that the service was defective because they were served with "a thick set of papers" in which "only a lawyer, when reviewing the entire set of papers[,] would find . . . a copy of a summons and 'Plaintiffs' Amended Petition.'"  Dkt. 10.  Additionally, Allen and DI contend that there is no good cause for failing to serve them within 180 days as required under Oklahoma law because, while Allen and DI had moved, Defendants could have easily found them.  *Id.*  Moreover, Allen and DI complain that Defendants did not even attempt to use substituted service which is allowed under Oklahoma law.  *Id.*

---

[1] Praxis Consulting is a Florida company allegedly managed by Pomeranz.  Dkt. 7, Ex. A.

Defendants move for the court to abstain from exercising jurisdiction in this case because there was already a lawsuit pending in Oklahoma that involves the same parties and same claims when DI and Allen filed this lawsuit. Dkt. 7. Defendants additionally argue that Houston, Texas, has little nexus to this dispute, as Weisgarber, Mathe, Weisgarber Investments, Inc., and Mathe Investments all reside in Oklahoma, and defendant David Pomeranz resides in Florida. *Id.* Plaintiff Amberly Allen resides in Dallas, Texas, and plaintiff DI operates out of Dallas. *Id.* Defendants request that the court dismiss this case to avoid duplicative proceedings. *Id.* Allen and DI contend that this is a classic example of "anticipatory filing," which negates the "first-to-file" doctrine. Dkt. 8. They also point out that the events giving rise to the lawsuits occurred in Houston and there are witnesses in Houston. *Id.*

Since the motion to abstain was filed, Allen and DI have removed the Oklahoma Lawsuit to Oklahoma federal court and filed a motion to dismiss for lack of personal jurisdiction. Dkt. 13.

## II. LAW AND ANALYSIS

In their original motion, Defendants indicate that the court should apply the *Colorado River* doctrine and abstain from hearing this case because the Oklahoma state case was filed first. Dkt. 7. The *Colorado River* doctrine, however, relates to parallel litigation in *state* and *federal* court. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236 (1976); *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953 (8th Cir. 2001) ("The abstention doctrines offer limited guidance for present purposes because they operate when state and federal proceedings are concurrent. In contrast, the case at hand entails concurrent federal cases."). At this point, the two cases are both in federal court. Thus, abstention is not appropriate.

While the court cannot abstain from hearing this case, a federal court may dismiss one of two identical pending actions. *Nixon*, 259 F.3d at 953; *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("As a general rule, a federal suit may be dismissed 'for reasons of wise judicial

4

administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'" (citation omitted)). Here, the claims in the Oklahoma Lawsuit and this lawsuit overlap. They are not, however, identical. For instance, in the Oklahoma lawsuit, there are requests for declarations that Defendants are not liable for actions engaged in by Pomeranz and that neither Mathe Investment nor Weisgarber Investment owed a fiduciary duty to Allen or DI. These claims are parallel to affirmative claims made by DI and Allen in this case. There is, however, also a claim in the Oklahoma Lawsuit by Mathe Investments for an accounting and recovery for breach of contract should the accounting reveal that DI and Allen owe Mathe Investments money. Dkt. 7-1. There is not a claim in the instant lawsuit that is parallel to Mathe Investments's request for an accounting and breach of contract damages in the Oklahoma Lawsuit. *See* Dkt. 1. Similarly, none of the affirmative claims against Pomeranz in this case will be decided if the Oklahoma court issues the declaratory judgment requested in that case. Thus, outright dismissal of this case due to the pending case in Oklahoma is also inappropriate. Defendants' request for dismissal is DENIED.

The court, however, believes that it is inefficient for two different federal courts to be considering the same issues with the same parties at the same time. The cases should be combined. Since there is currently a motion to dismiss for lack of personal jurisdiction pending in the Oklahoma Lawsuit, the court finds that the best path forward is to stay this case pending the outcome of that motion and then allow the parties to file motions to transfer venue and consolidate as appropriate.[2]

---

[2] The court encourages the parties to work together to reach an agreement on a venue that is appropriate and convenient for all parties.

### III. Conclusion

Defendants' motion to abstain is DENIED. However, the court STAYS this case pending the outcome of the motion to dismiss for lack of personal jurisdiction in the Oklahoma Lawsuit. The parties shall advise the court when that motion is decided.

Signed at Houston, Texas on April 30, 2015.

_____
Gray H. Miller
United States District Judge